Filed 8/5/26

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H052815 |
| Plaintiff and Respondent, | (Monterey County Super. Ct. No. 17CR004360) |
| v. | |
| JUAN CARLOS CRUZ, | |
| Defendant and Appellant. | |

Defendant Juan Carlos Cruz was convicted of attempted murder and other charges in 2019 and sentenced to 26 years in prison. In 2024, his attempted murder conviction was vacated under Penal Code section 1172.6 and he was resentenced to 12 years in prison. His sentence included an enhancement for personal use of a firearm, which had initially been imposed in connection with the attempted murder conviction and was reimposed in connection with the target offense of assault with a firearm. He challenges that sentencing enhancement on appeal, arguing it should not have been reimposed after the associated conviction was vacated. We agree and will remand the matter for a new resentencing hearing.

## I. BACKGROUND

Defendant was charged with one count of non-premeditated attempted murder (Pen. Code, §§ 187, 664; count 1; unspecified statutory references are to the Penal Code); one count of willful, deliberate, and premeditated attempted murder (§§ 187, 189, 664; count 2); two counts of assault with a firearm (§ 245, subd. (a)(2); counts 3 and 4); permitting another person to shoot from a vehicle (§ 26100, subd. (b); count 5); and active participation in a criminal street gang (§ 186.22, subd. (a); count 6). The charges

stemmed from an incident in which shots were fired from a car occupied by defendant and his brother Omar Cruz at another car occupied by victims John and Jane Doe. Defendant pleaded no contest on counts 1, 4, and 6. He admitted a prior strike conviction and a special allegation attached to count 1 that he had personally used a firearm. In accordance with the plea agreement, defendant was sentenced to 26 years in prison (including a 10-year firearm enhancement on count 1).

In 2022, defendant petitioned for resentencing under former section 1170.95 (now § 1172.6). The trial court initially denied the petition without an evidentiary hearing, ruling that defendant had not made a prima facie case for relief. On appeal, a different panel of this court reversed that ruling and remanded for further proceedings under section 1172.6. On remand, the prosecution conceded defendant was eligible for resentencing.

After vacating defendant's attempted murder conviction, the trial court resentenced defendant. The court redesignated the conviction on count 1 as the target offense of assault with a firearm against John Doe (§ 245, subd. (a)(2)) and imposed the middle term of three years on that count (doubled to six years due to defendant's prior strike conviction). The court also imposed a four-year sentencing enhancement on count 1 for personal use of a firearm under section 12022.5, subdivision (a) (the special allegation previously admitted in connection with the vacated attempted murder conviction). On count 4, the court imposed a consecutive two-year term for assault with a firearm (against Jane Doe). Count 6 was dismissed at the prosecution's request.

## II.    DISCUSSION

Defendant's sole contention on appeal is that the trial court was not authorized to reimpose the sentencing enhancement for personal use of a firearm (§ 12022.5, subd. (a)) after vacating the associated attempted murder conviction and redesignating that conviction as assault with a firearm under section 1172.6, subdivision (e). He asserts his position is consistent with *People v. Arellano* (2024) 16 Cal.5th 457 (*Arellano*), in which

2

the California Supreme Court held that trial courts "may not impose uncharged and unproven sentence allegations or enhancements when resentencing a successful petitioner under section 1172.6, subdivision (e)." (*Arellano*, at p. 477.) The Attorney General argues the court properly imposed an enhancement based on an allegation that *was* previously charged and admitted in connection with defendant's vacated attempted murder conviction. In support of that argument, the Attorney General points to language from *Arellano* as well as *People v. Howard* (2020) 50 Cal.App.5th 727 (*Howard*)—a pre-*Arellano* case affirming the reimposition of an arming enhancement after a murder conviction was vacated under section 1172.6 and redesignated as the underlying burglary offense. As we will explain, although *Arellano* did not directly address whether *Howard* was correctly decided, we find aspects of *Howard* difficult to square with the Supreme Court's reasoning in *Arellano* and conclude that reasoning requires reversal here.

## A. STATUTORY SCHEME AND STANDARD OF REVIEW

As relevant here, section 1172.6 allows defendants convicted of attempted murder under the natural and probable consequences doctrine—and who could not be convicted of attempted murder under current law—to petition for resentencing. (§ 1172.6, subd. (a).) The petitioner may be found eligible for resentencing by stipulation of the parties (*id.*, subd. (d)(2)) or through an evidentiary hearing (*id.*, subd. (d)(3)). A petitioner who prevails at an evidentiary hearing is entitled to have the attempted murder conviction "and any allegations and enhancements attached to the conviction" vacated and be "resentenced on the remaining charges." (*Ibid.*) The court shall "resentence the petitioner on any remaining counts in the same manner as if the petitioner had not previously been sentenced, provided that the new sentence, if any, is not greater than the initial sentence." (*Id.*, subd. (d)(1).) If "attempted murder was charged generically, and the target offense was not charged[,]" the attempted murder conviction shall be "redesignated" as "the target offense" of the natural and probable consequences theory for resentencing purposes. (*Id.*, subd. (e).) "What matters for purposes of

3

[section 1172.6,] subdivision (e)'s requirement that the '[attempted] murder was charged generically' and the … target offense 'was not charged' is that the defendant was neither convicted of the … target offense nor was [the target offense] actually litigated." (*Arellano*, *supra*, 16 Cal.5th at p. 474, fn. 5.)

We review de novo the trial court's interpretation of the statute as allowing reimposition of the challenged enhancement. (*People v. Fouse* (2024) 98 Cal.App.5th 1131, 1145.) Our fundamental task is to determine the Legislature's intent so as to effectuate the law's purpose. (*Ibid.*) We begin by examining the statute's words, giving them a plain and commonsense meaning, and consider the entire substance of the statute to determine the scope and purpose of each provision. (*Ibid.*) We construe the statute's words in context, keeping in mind the nature and purpose of the statute. (*Ibid.*)

## B. *HOWARD* AND *ARELLANO*

In *Howard*, the petitioner was convicted by jury of felony murder for his involvement in a residential burglary that resulted in the victim's death. (*Howard*, *supra*, 50 Cal.App.5th at pp. 729–730.) Howard successfully petitioned for resentencing under former section 1170.95 (now section 1172.6). (The statute also provides relief to defendants convicted of murder who would no longer be guilty under current law as a result of changes to the felony murder rule.) His murder conviction was vacated by stipulation under former section 1170.95, subdivision (d)(2) and redesignated as the "underlying felony" (burglary) under former section 1170.95, subdivision (e). (*Howard*, at p. 730.) In resentencing Howard, the court imposed an arming enhancement (§ 12022, subd. (a)(1)) based on an allegation that had previously been found true in connection with the vacated murder conviction. (*Howard*, at pp. 732, 734.)

On appeal, Howard argued the resentencing court should not have imposed the arming enhancement. The Court of Appeal adopted a "holistic view of the statute" under which, when the trial court vacated Howard's murder conviction, the associated arming

4

enhancement was also vacated. (*Howard*, *supra*, 50 Cal.App.5th at p. 741.) Under that holistic view, the *Howard* court viewed the statute as "silent with respect to how a court resentences a defendant after redesignating the underlying felony." (*Ibid.*) "Consistent with the legislative goal of placing Howard after resentencing in a situation where the murder and any related enhancements no longer exist," the court reasoned, "Howard's resentencing may not include count-specific enhancements *unless* the People establish them related to the underlying felony by evidence presented at the hearing on the [resentencing] petition." (*Ibid.*) The *Howard* court concluded that burden had been met where the evidence presented at Howard's trial and recited in the opinion from his direct appeal "established beyond any possible dispute" that Howard committed the underlying burglary with another person who "was armed with a rifle, which he used to kill [the victim]." (*Id.* at p. 742.)

In *Arellano*, the petitioner pleaded guilty to murder. (*Arellano*, *supra*, 16 Cal.5th at p. 464.) As in *Howard*, the murder conviction stemmed from Arellano's involvement in a residential burglary that led to the victim's death. (*Ibid.*) Unlike in *Howard*, no enhancement was imposed at Arellano's sentencing; a firearm use allegation was dismissed in accordance with the plea agreement. (*Ibid.*) Arellano later petitioned for resentencing under former section 1170.95, and the parties stipulated to his eligibility for relief. (*Id.* at pp. 464–465.) At the resentencing hearing, the court redesignated the vacated murder conviction as attempted robbery and imposed a firearm use enhancement for the first time. (*Id.* at p. 466.)

A different panel of this court determined the trial court had erred in imposing the enhancement at Arellano's resentencing hearing, and the California Supreme Court agreed. (*Arellano*, *supra*, 16 Cal.5th at p. 469.) The Supreme Court stated: "Nothing in the text of section 1172.6 indicates that a court may add an uncharged and unproven allegation or enhancement. To the contrary: when a trial court resentences a petitioner under section 1172.6, subdivision (d)(3), the court must *vacate* 'any allegations and

5

enhancements attached to the conviction.'  The court shall then resentence the petitioner on the 'remaining charges' (*ibid.*), which is a clear reference only to the charges that remain—not charges that *could have been* established by the evidence." (*Arellano*, at p. 470.)

*Arellano* also addressed section 1172.6, subdivision (e), which "applies when the murder was charged 'generically,' and the underlying felony or target offense was not charged." (*Arellano*, *supra*, 16 Cal.5th at p. 470.)  Defining an underlying felony as "the felony underlying a felony-murder theory" and a target offense as "the offense the natural and probable consequence of which was murder[,]" the Supreme Court observed that "an enhancement or an allegation is not a target offense or an underlying felony" under those "clear" definitions.  (*Ibid.*)  Thus, "it follows from the statutory text that resentencing under [section 1172.6,] subdivision (e), like resentencing under [section 1172.6,] subdivision (d)(3), does not contemplate the addition of an enhancement or an allegation that was not previously found to be true." (*Arellano*, at p. 470.)  "This reading is supported by the fact that section 1172.6 refers specifically to 'allegations and enhancements' in subdivision (d)(3): 'If the prosecution fails to sustain its burden of proof, the prior conviction, and *any allegations and enhancements attached to the conviction*, shall be vacated and the petitioner shall be resentenced on the remaining charges.' (Italics added.)  This shows the Legislature knows how to include sentencing allegations and enhancements when it wants to do so." (*Arellano*, at p. 470.)  "That the Legislature did not even mention uncharged and unproven allegations and enhancements—let alone articulate any procedures for identifying and proving the truth of such allegations and enhancements—is a significant indication that courts lack the authority to litigate and then impose such allegations and enhancements during the redesignation and resentencing phase." (*Id.* at pp. 471–472.)  Further support for a narrow reading of section 1172.6, subdivision (e) is its unprecedented grant of authority to swap the (attempted) murder charge for a lesser *related* offense, even a time-barred

6

one.  (This despite authorities such as *People v. Birks* (1998) 19 Cal.4th 108 that would arguably limit resentencing to a lesser included offense.)

The Supreme Court described its interpretation of section 1172.6 as "at the very least consonant with" the legislative purpose motivating the statute's enactment. (*Arellano*, *supra*, 16 Cal.5th at p. 472.)  Former section 1170.95 was enacted in response to a perceived "need for statutory changes to more equitably sentence offenders in accordance with their involvement in homicides." (Stats. 2018, ch. 1015, § 1(b).)  The Legislature stated its intent "to limit convictions and subsequent sentencing so that the law of California fairly addresses the culpability of the individual and assists in the reduction of prison overcrowding, which partially results from lengthy sentences that are not commensurate with the culpability of the individual." (*Id.*, § 1(e).)  "The legislative history, for its part, further discusses the need to reduce ' "severe, unconstitutional overcrowding" ' and ' "repair the harm of decades of mass incarceration," ' which required the state to ' "provide relief to those with violent felony convictions" ' and thereby ' "demonstrate its commitment to bringing overdue reforms to violent felony sentencing and redirecting state resources away from costly investments in corrections." ' " (*Arellano*, *supra*, 16 Cal.5th at p. 472, citing Assem. Com. on Public Safety, Analysis of Sen. Bill No. 1437 (2017–2018 Reg. Sess.) as amended May 25, 2018, p. 7.)

In *Arellano*, as in this case, the Attorney General relied on *Howard* to argue an enhancement was properly imposed.  (*Arellano*, *supra*, 16 Cal.5th at p. 472.)  The Supreme Court distinguished *Howard* (where an arming allegation "*was* pled and proved in connection with the murder") from the case before it ("where *no* enhancement was admitted by Arellano nor found true by the jury").  (*Id.* at pp. 472–473.)  The *Howard* court had "relied on the fact the arming enhancement had been proved 'beyond any possible dispute' *at trial*, and Howard did 'not argue otherwise.' " (*Id.* at p. 473.)  Given the differences between *Arellano* and *Howard*, the Supreme Court declined to express

any view as to "whether the *Howard* court correctly imposed an enhancement that had previously been pled and proved." (*Id.* at p. 473, fn. 4.)

### C. THE ENHANCEMENT IN THIS CASE WAS NOT PROPERLY IMPOSED

The parties appear to agree the trial court properly vacated defendant's attempted murder conviction, redesignated that conviction as assault with a firearm, and resentenced defendant for both the redesignated offense and the "remaining charges" (§ 1172.6, subd. (d)(3))—i.e., count 4. In doing so, the court applied both section 1172.6, subdivision (d) (pertaining to the "remaining charges") and section 1172.6, subdivision (e) (pertaining to the redesignated offense). The issue before us is whether, in resentencing defendant under both subdivisions, the trial court was authorized to impose a firearm use enhancement in connection with the redesignated offense.

In *Arellano*, the California Supreme Court held that "the limited resentencing procedure under section 1172.6, subdivision (e) does not permit a court to impose a sentencing enhancement or allegation unless the enhancement or allegation was pled and either proven to the trier of fact or by the defendant's admission in open court." (*Arellano*, *supra*, 16 Cal.5th at p. 464.) The Attorney General notes the Supreme Court's use of the word "unless" and asserts the clause beginning with that word was "necessary and integral to the holding" in *Arellano*. Based on the Supreme Court's framing of its holding, the Attorney General reads *Arellano* as conclusively establishing that an enhancement may be imposed at a section 1172.6 resentencing hearing if the underlying allegation "was pled and either proven to the trier of fact or by the defendant's admission in open court" during the initial prosecution. (*Arellano*, at p. 464.) But the Supreme Court did not reach that issue in *Arellano*. Instead, the Supreme Court distinguished *Howard* (where the issue had been squarely presented) and did not address "whether the *Howard* court correctly imposed an enhancement that had previously been pled and proved." (*Id.* at p. 473, fn. 4.) Considering the Supreme Court's express disclaimer

8

limiting the scope of its holding in *Arellano*, we do not read that holding as expansively as the Attorney General urges.

Nor do we find the Attorney General's reading of *Arellano* persuasive given the Supreme Court's stated rationale for its holding. Much of the Supreme Court's reasoning applies with equal force even where the challenged enhancement is based on an allegation that was admitted during the initial prosecution. The allegation may have been previously admitted in connection with the original conviction, but that conviction is no longer valid and section 1172.6, subdivision (d)(3) specifically requires the resentencing court to "*vacate* 'any allegations and enhancements attached to the conviction.' " (*Arellano*, *supra*, 16 Cal.5th at p. 470.) We see no reason why that requirement would not apply where the parties stipulate to a petitioner's eligibility for relief under section 1172.6, subdivision (d)(2), and the Attorney General does not appear to argue otherwise.

Section 1172.6, subdivision (e) provides the vacated conviction may be "redesignated" as the "target offense or underlying felony" under certain circumstances. Although the statute does not define what constitutes a target offense or underlying felony, the Supreme Court considered the meaning of those terms "clear"; " 'underlying felony' refers to the felony underlying a felony-murder theory" and " 'target offense' refers to the offense the natural and probable consequence of which was murder" or attempted murder. (*Arellano*, *supra*, 16 Cal.5th at p. 470.) Under those clear definitions, "an enhancement or an allegation" standing alone "is not a target offense or an underlying felony" (*ibid.*), particularly where an allegation was pled and proven (or admitted) only in connection with a since-vacated conviction. " '[S]entence enhancements are not "equivalent" to, nor do they "function" as, substantive offenses.' " (*People v. Dennis* (1998) 17 Cal.4th 468, 500 [finding no error in declining to instruct on § 12022.9 enhancement for intentional injury to pregnant woman as a lesser included offense of murder].) Rather, "an underlying felony or target offense is fundamentally

9

distinct from a sentence enhancement or allegation" under section 1172.6 in that the underlying felony or target offense "was the predicate for relief in the first place—i.e., the offense or felony that supported the prosecution's theory of felony murder, murder under the natural and probable consequences doctrine, or any other theory in which malice is imputed based solely on that person's participation in a crime." (*Arellano*, at pp. 474–475.)

As the Supreme Court noted in *Arellano*, "section 1172.6 refers specifically to 'allegations and enhancements' in subdivision (d)(3): 'If the prosecution fails to sustain its burden of proof, the prior conviction, and *any allegations and enhancements attached to the conviction*, shall be vacated and the petitioner shall be resentenced on the remaining charges.' (Italics added.) This shows the Legislature knows how to include sentencing allegations and enhancements when it wants to do so." (*Arellano*, *supra*, 16 Cal.5th at p. 470.) That the Legislature specified any enhancements associated with the vacated conviction must also be vacated, but did not specify that any such enhancements may be reimposed in connection with a redesignated offense, suggests it intended to limit resentencing under section 1172.6, subdivision (e) to the "target offense or underlying felony" without those enhancements. To be sure, a target offense or underlying felony may be pled to include special allegations that attach to the base offense. (Cf. *People v. Superior Court (Mendella)* (1983) 33 Cal.3d 754, 762-763 [rejecting "narrow construction of the term 'offense' " despite conduct allegations occupying distinct new sections in reorganized Penal Code]; see also *id*. at p. 758 [disapproving *People v. Superior Court (Grilli)* (1978) 84 Cal. App.3d 506].) But the limit of the court's authority under section 1172.6, subdivision (e) is to "redesignate[]" the vacated conviction as its lesser target offense. We do not view that authority as extending to resurrecting an offense-specific allegation previously attached to the now nullified attempted murder. *Arellano* specifically cautions against using the authority of

10

that subdivision in the manner of "a new prosecution," as distinct from "a resentencing proceeding" based on the prosecution's original charging decisions. (*Arellano*, at p. 475.)

We acknowledge that certain factors considered in *Arellano* are not implicated here. For example, the Supreme Court reasoned that if "the Legislature intended to allow courts to make findings of uncharged and unproven allegations and enhancements and to include them in the resentencing, one would expect section 1172.6, subdivision (e) to similarly describe how the parties would become apprised of that possibility, the parties' opportunity to be heard, the evidence that could be considered, and the burden and standard of proof for imposing uncharged and unproven allegations and enhancements." (*Arellano*, *supra*, 16 Cal.5th at p. 471.) The Supreme Court also found it "difficult to reconcile the imposition of uncharged and unproven enhancements at a section 1172.6 resentencing proceeding with the requirement under section 1170.1, subdivision (e) that '[a]ll enhancements shall be alleged in the accusatory pleading and either admitted by the defendant in open court or found to be true by the trier of fact.' " (*Arellano*, at p. 475.) We recognize that reimposition of an enhancement based on an allegation that *had been* previously alleged and admitted as to the now-vacated conviction would not lead to an allegation being litigated for the first time in resentencing proceedings, or to an enhancement being imposed without the underlying allegation having been proved or admitted.

But those portions of *Arellano* are nonetheless instructive and consistent with our conclusion for a different reason. The Supreme Court identified numerous reasons why the Legislature presumably did not intend "to allow the prosecution to effectively revisit its charging decisions for the entire range of offense-specific sentencing allegations and enhancements every time a petitioner succeeds in setting aside a murder conviction under section 1172.6" or, "without any warning or suggested procedures, to burden superior courts with this degree of factfinding in section 1172.6 resentencing proceedings." (*Arellano*, *supra*, 16 Cal.5th at p. 476.) Given that presumed intent, we would expect the

11

Legislature to have specified *which* enhancements could be imposed in connection with a redesignated offense if in fact it intended that *any* enhancement could be so imposed.

The lack of a textual distinction in the statute between enhancements that were previously imposed and those that were not suggests that neither can be imposed in connection with a redesignated offense. (See *Arellano*, *supra*, 16 Cal.5th at p. 475 [lack of any "textual basis" in section 1172.6 for a proposed distinction between "those uncharged and unproven enhancements and allegations that are offense-specific" and "those that are offender-specific" suggests the Legislature did not intend to make that distinction].) Had the Legislature intended to distinguish for redesignation purposes between enhancements that were previously imposed and enhancements that were not, it could have done so expressly. In contrast, enhancements are not mentioned at all in section 1172.6, subdivision (e).

We note defendant also admitted a prior strike conviction, which was used to double the middle term for the redesignated offense from three years to six years. Unlike the firearm enhancement defendant challenges here, the prior strike allegation was not specifically attached to count 1. Indeed, the same prior strike conviction was used to double the consecutive term on count 4 from one year (one-third the middle term) to two years. Defendant does not contend the court improperly relied on his prior strike in resentencing him on the redesignated offense and the remaining charges. We infer that his choice to challenge only reimposition of the firearm enhancement, and not the use of the prior strike conviction, is because the firearm enhancement was "attached to" count 1 (§ 1172.6, subd. (d)(3)), while the prior strike conviction was not so limited. (See *People v. Tassell* (1984) 36 Cal.3d 77, 90, overruled on other grounds in *People v Ewoldt* (1994) 7 Cal.4th 380, 401 [distinguishing between "two kinds of enhancements: (1) those which go to the nature of the offender [e.g., enhancements for prior convictions]; and (2) those which go to the nature of the offense [e.g., firearm enhancements]"].) As defendant has

not raised the issue of whether the resentencing court properly relied on his prior strike conviction, we do not decide that question here.

Based on our reading of *Arellano*, we decline to follow *Howard* as we conclude its application to this case would be inconsistent with more recent guidance from the California Supreme Court.  We interpret section 1172.6, subdivision (e) as requiring the trial court to resentence defendant for the "target offense" of assault with a firearm, without reimposing the firearm use enhancement that was vacated along with defendant's now-invalid attempted murder conviction.  (§ 1172.6, subd. (d)(3).)  We will therefore reverse the judgment and remand for a new resentencing hearing.

### III.    DISPOSITION

The judgment is reversed and the matter is remanded for resentencing.

_____

Grover, Acting P. J.

**WE CONCUR:**


_____

Lie, J.


_____

Wilson, J.


H052815
*The People v. Cruz*

| | |
|---|---|
| Trial Court: | Monterey County Superior Court<br>Case No.:17CR004360 |
| Trial Judge: | Hon. Andrew G. Liu |
| Attorneys for Plaintiff/Respondent<br>The People: | Rob Bonta<br>  Attorney General of California<br>Charles C. Ragland<br>  Chief Assistant Attorney General<br>Jeffrey M. Laurence<br>  Senior Assistant Attorney General<br>Eric D. Share<br>  Supervising Deputy Attorney General<br>Shannon Chase<br>  Deputy Attorney General |
| Attorneys for Defendant/Appellant<br>Juan Carlos Cruz: | Edward Mahler<br>  Under appointment by the Court of Appeal<br>  for Appellant |